**WO**  SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura L. Medley, | No. CV 08-086-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Laura L. Medley brought this civil rights action under 42 U.S.C. § 1983 against Joseph M. Arpaio, Maricopa County Sheriff. (Doc. #1). Plaintiff moved for Preliminary Injunctions. (Doc. ##6, 8). On May 1, 2008, the Magistrate Judge directed Defendant to file a response to the motions by May 21, 2008. (Doc. #18). On June 2, 2008, Plaintiff moved for a ruling, pointing out that Defendant had filed no response. (Doc. #27). On June 18, 2008, Defendant filed a response to Plaintiff's motions. (Doc. #30).

The Court will deny as moot Plaintiff's Motion for a Preliminary Injunction regarding immediate delivery of her legal mail and deny without prejudice her Motion for a Preliminary Injunction regarding Plaintiff's policy limiting to "postcards only" all incoming mail deemed non-privileged.

**I.    Background**

In her Complaint, Plaintiff raises challenges to Arpaio's mail policy that limits non-legal incoming mail to postcards only. (Doc. #1). She alleges that she represents herself in a criminal matter in the Maricopa County Superior Court and that she has been told by

Inmate Legal Services that she needs a court order to obtain witness statements and documentary evidence on her behalf. She contends that this violates her First and Fourteenth Amendment rights and denies her access to the courts. Plaintiff also filed a First Amended Complaint, which alleges that Timothy Overton, Ancillary Services Commander at the Maricopa County Sheriff's Office, permits his staff to practice a "first in, first out" policy regarding delivery of the mail and that this results in delays in delivery of legal mail, in violation of her First and Fourteenth Amendment rights, and results in denial of access to the courts. (Doc. #13). The First Amended Complaint was stricken pursuant to Plaintiff's request to withdraw it. (Doc. #18).

## II.   Late Response

In determining whether a party's neglect of a deadline is excusable, courts look at the relevant circumstances surrounding the omission. See Pioneer Investment Services Co., Brunswick Assoc. LP, 507 U.S. 380, 395 (1993). These include danger of prejudice to the other party; the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the party, and whether the party acted in good faith. Id.

Here, defense counsel asserts that the error was his, that the mistake was in good faith, and that it did not prejudice Plaintiff. Plaintiff has not objected to the late filing, and in addition has filed numerous repetitive motions in this case. There is no evidence of Defendant's bad faith, and the late filing caused no delay to the judicial proceedings. As such, the Court will accept Defendant's response.

## III.   Legal Standards

### A.   Preliminary Injunction

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). A preliminary injunction will not be granted absent a clear showing of likely success in the

underlying claim and a significant threat of irreparable injury. Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995). Alternately, a party may show that serious questions going to the merits were raised and the balance of hardships tips sharply in his favor. Warsoldier, 418 F.3d at 994. These two alternatives are extremes of a single continuum, rather than two separate tests. Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004). Thus, the greater the relative hardship to the moving party, the less probability of success that must be shown. Id. (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)). Under either test, the movant bears the burden of persuasion, Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and must demonstrate a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

**B.     Mail**

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). However, a jail may adopt regulations that impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Several factors are relevant in determining the reasonableness of such a regulation: (1) there must be a valid, rational connection between the regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the constitutional right that remain open to inmates; (3) the impact accommodation of the right will have on guards and other inmates and on the allocation of prison resources. Turner, 482 U.S. at 89-91. "Prevention of criminal activity and the maintenance of prison security are legitimate penological interests that justify the regulation of both incoming and outgoing prisoner mail." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir.1996); see Witherow, 52 F.3d at 265 (noting that security, order, and rehabilitation are legitimate penological interests that justify the inspection of outgoing prisoner mail). In addition, the Supreme Court recognizes that there are greater security concerns for incoming mail than for

- 3 -

outgoing. Thornburgh, 490 U.S. at 413.

Finally, in order to state a cognizable claim regarding mail, a plaintiff must show that he suffered some real injury; mere delay in receiving mail does not state a claim. See Morgan v. Montanya, 516 F.2d 1367, 1371 (2d Cir. 1975).

### C. Access to the Courts

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions. Id. at 351-52. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348. To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct prevented him from bringing to court a nonfrivolous claim. Id. at 352-53. That nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. Id. at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. (emphasis in original).

A criminal defendant who exercises his right to reject counsel necessarily relinquishes many benefits associated with representation by an attorney. U.S. v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982) (finding that the offer of court-appointed counsel satisfied the obligation to provide meaningful access to the courts; an inmate may not reject the method of access provided and insist on a method of his or her own choosing). But prison officials may not deny a self-represented criminal defendant of all meaningful opportunity to prepare his defense. See Milton v. Morris, 767 F.2d 1443, 1445-46 (9th Cir. 1985); Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989). Without access to tools to prepare his defense, including access to witnesses, an incarcerated inmate may not meaningfully exercise his right to represent himself. Milton, 767 F. 2d at 1446.

### IV. Motions for Preliminary Relief

#### A. Parties' Contentions

In her first motion for preliminary relief, Plaintiff challenges Defendant's "first in, first out" policy. (Doc. #6). She alleges that on January 8, 2008, she sent Inmate Legal Services a request to mail legal documents; the request was received on January 9, 2008 and the documents mailed on January 14, 2008. (Id. at 1-2). In her second motion, she challenges the policy that limits to postcards only all incoming mail that the jail deems non-privileged (non-legal). (Doc. #8). Plaintiff alleges that she is representing herself in two civil actions pending in federal courts in California, as well as a criminal case in Maricopa County. (Id). She asserts that the Maricopa County Sheriff's Office provides that legal mail consists of mail from attorneys, courts, officers of the court, government officials or agencies, law enforcement agencies, officials of the confining authority or administrators of grievance systems. (Id). She alleges that the majority of her discovery, e.g., witness statements and documentary evidences, would be deemed non-privileged incoming mail and would be returned to the sender upon receipt. (Id). Plaintiff argues that as a result she is at risk of conviction, as well as the loss of her civil rights actions. (Id. at 8-9). She asserts that Defendant has failed to provide her with an alternative means to secure witness statements and documentary evidence for her litigation. (Id. at 9).

Defendant asserts that he is not withholding Plaintiff's mail and argues that Plaintiff has not pointed to a single example of legal mail being withheld or delayed. (Doc. #30 at 2). He asserts that Plaintiff provides no legal authority that provision of legal material on a "first-come-first served" basis is a constitutional deprivation. (Id). Finally, he argues that Plaintiff has failed to carry her burden to show irreparable harm and likelihood of success on the merits or serious questions going to the merits and a balance of hardships that tips in her favor. (Id. at 3).

#### B. Analysis

The Court will deny as moot Plaintiff's motion for a preliminary injunction regarding Defendant's "first in, first out" policy because the Complaint contains no claim regarding this

- 5 -

policy; the claim relating to this policy was raised only in the First Amended Complaint, which has been stricken. (Doc. #18).

With respect to Plaintiff's motion regarding Defendant's policy of limiting to postcards only all incoming mail that is not deemed privileged by the jail, the Court finds that Plaintiff fails to demonstrate an entitlement to preliminary relief.[1] Plaintiff alleges that the majority of her discovery in various cases would be banned under this policy. But it is likely that most incoming discovery would be sent by attorneys for the opposing parties in her litigation; such mail does not appear to be barred under the postcard-only policy. Plaintiff does not specify what other discovery she thinks will be barred or explain what discovery that she has sought that would be barred under the policy.[2] Likewise, Plaintiff's allegations regarding witness statements are vague. She does not state that any particular witness has, in fact, agreed to provide a statement, when she expects to receive any such statements, or that she has been notified that something had been returned by the jail. Mere "*[s]peculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction.*" Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674-675 (9th Cir. 1988) (emphasis added). To meet the "irreparable harm" requirement, Plaintiff must do more than allege imminent harm; she must demonstrate it. See id. at 674. In addition, Plaintiff has not shown either a likelihood of success on the merits or serious questions going

---

[1] The Court notes that it would have denied this motion even if it had not accepted Defendant's late response; the burden for a preliminary injunction is on Plaintiff, and she has not met it. See Mattel, Inc., 354 F.3d at 869.

[2] Both parties have moved for summary judgment. (Doc. ##16, 19). In his motion, Defendant asserts that "witness statements and other discovery directed to *pro per* inmates is classified as 'legal mail' thereby allowing inmates to receive" it. (Doc. #19, n.1). But Plaintiff submits a Grievance Response directing her to contact the courts in which her suits are filed to obtain court approval of her witness list in order to receive statements from her witnesses. (Doc. #24, Ex. 2). For the first time, in an affidavit filed after briefing was completed on the summary judgment motions, Plaintiff claims that she needs and requested medical records from her private physician, which she could not obtain because of the postcard-only policy, and that these records relate to a motion filed in her criminal case. (Doc. #32). Defendant has not had an opportunity to address this assertion. The Court will not consider it here and will issue a separate order regarding Defendant's request for an opportunity to address this with respect to summary judgment.

to the merits, or that the balance of hardships tips sharply in her favor. Warsoldier, 418 F.3d at 994.

Accordingly, the Court will deny without prejudice Plaintiff's motion for a preliminary injunction as to the postcard-only policy.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Preliminary Injunction (Doc. #6), Plaintiff's Motion for Preliminary Injunction (Doc. #8), and Plaintiff's Motion for a Ruling on the Motions (Doc. #27). All other matters will remain with the Magistrate Judge.

(2) Plaintiff's Motion for a Preliminary Injunction (Doc. #6), seeking relief as to Defendant's "first in, first out" policy for delivering mail, is **denied as moot**.

(3) Plaintiff's Motion for Preliminary Injunction (Doc. #8), seeking relief as to Defendant's policy limiting to postcards only all incoming mail not deemed to be legal mail, is **denied without prejudice**.

(4) Plaintiff's Motion for a Ruling on her Motions for a Preliminary Injunction (Doc. #27) is **granted** to the extent that this Order rules on those motions.

DATED this 20th day of August, 2008.

_____
Mary H. Murguia
United States District Judge